Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Donald R. Eckman;<br><br>  Plaintiff,<br><br>v.<br><br>Guglielmo & Associates, PLLC;<br><br>  Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies

in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3. Plaintiff Donald R. Eckman is a resident of Maricopa County, Arizona.
4. Eckman is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Eckman is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Guglielmo & Associates, PLLC is an Arizona professional limited liability company.
7. Guglielmo is an Arizona law firm engaged in the collection of consumer debts owed or asserted to be owed or due another.
8. Guglielmo is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

9. Sometime prior to 2004, Eckman incurred a debt with Discover Bank, which was for personal, family or household purposes.
10. Eckman subsequently fell behind on his payments to Discover, who then assigned the debt to Guglielmo for collection purposes.
11. On March 10, 2004, Guglielmo filed suit in the Maricopa County Superior Court on behalf of Discover against Eckman to collect the debt.
12. Guglielmo subsequently obtained a default judgment against Eckman and in favor of Discover. (Copy of Default Judgment attached hereto as Exhibit A).
13. The Default Judgment was filed with the Superior Court on July 12, 2004.
14. Under Arizona law, A.R.S. § 12-1551(A), a judgment creditor may

1   execute on a judgment only if done "within five years after entry of the
2   judgment and within five years after any renewal of the judgment. . . ."
3   15. Under Arizona law, A.R.S. § 12-1612(B), a judgment creditor may renew
4   a judgment if, within ninety days preceding the expiration of five years
5   from the date of entry of such judgment, it makes and files an affidavit of
6   renewal in the action.
7   16. On April 8, 2009, Guglielmo filed an Affidavit of Renewal of Judgment
8   with the Superior Court. (Copy of Affidavit of Renewal of Judgment
9   attached hereto as Exhibit B).
10  17. Guglielmo's affidavit was prematurely filed outside the ninety day
11  anniversary of the Default Judgment. See A.R.S. § 12-1612(B).
12  18. In or about April 2013, Guglielmo sought and obtained a writ of
13  garnishment from the Superior Court to execute on the expired judgment.
14  19. Guglielmo served or caused to be served the writ of garnishment on JP
15  Morgan Chase Bank, where Eckman had funds on deposit.
16  20. As a result of Guglielmo's garnishment, Chase withheld Eckman's funds
17  and eventually paid them over to Guglielmo.
18  21. At the time Guglielmo obtained the writ of garnishment against Chase
19  Bank, it knew or should have known that the Default Judgment was stale,
20  and that it had no right to execute on the judgment.
21  22. At the time Guglielmo served the writ of garnishment on Chase Bank, it
22  knew of should have known that the Default Judgment was stale, and that
23  it had no right to execute on the judgment.
24  23. As a result of Defendant's actions as outlined above, Plaintiff has suffered
25  damages including, but not limited to, economic loss, financial hardship,

embarrassment, humiliation, fear, anxiety, invasion of privacy, and other extreme emotional distress.

24. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendant's persistent and routine practice of debt collection.

25. In the alternative, Defendant's actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

26. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

27. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, and 1692f(1).

28. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages under the FDCPA;
b) Statutory damages under the FDCPA;
c) Costs and reasonable attorney's fees pursuant to the FDCPA; and
d) Such other relief as may be just and proper.

DATED  September 9, 2013 .

        s/ Floyd W. Bybee  
Floyd W. Bybee, #012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd., Ste. 5  
Chandler, AZ 85226-4687  
Office: (480) 756-8822  
Fax: (480) 302-4186  
floyd@bybeelaw.com  

Attorney for Plaintiff

- 5 -