IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Donald R. Eckman, | CIV 13-1854-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Guglielmo & Associates, PLLC, | |
| Defendant. | |

    Pending before the Court is Defendant Guglielmo & Associates, PLLC's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7.) After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

    On September 9, 2013, Plaintiff filed a Complaint against Defendant asserting violations of the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff alleges that in an underlying Arizona state matter, Defendant obtained a default judgment against him for an unpaid debt owed to Discover Bank. The judgment was filed with the Superior Court on July 12, 2004. According to the record, Defendant filed an Affidavit of Renewal of Judgment with the Superior Court on April 8, 2009. Plaintiff alleges that Defendant filed the Affidavit

---

[1] Defendant's request for oral argument (Doc. 19) will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

1 outside of the allowable 90-day time-frame for renewing a judgment. Defendant, 2 nevertheless, utilized the judgment to obtain a garnishment on Plaintiff's Chase bank 3 account. Plaintiff alleges that Defendant improperly served the writ of garnishment on Chase 4 when it knew or should have known that the State court judgment had expired.

5 Defendant subsequently filed the instant Motion to Dismiss Plaintiff's Complaint 6 claiming that the Court lacks subject-matter jurisdiction pursuant to the Rooker-Feldman 7 doctrine.

8 Federal district courts do not have jurisdiction to review alleged errors in state court 9 decisions. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) 10 (holding that review of state court determinations can be obtained only in the United States 11 Supreme Court). The Rooker-Feldman doctrine applies to "cases of the kind from which the 12 doctrine acquired its name: cases brought by state-court losers complaining of injuries caused 13 by state-court judgments rendered before the district court proceedings commenced and 14 inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi 15 Basic Indus. Corp., 544 U.S. 280, 284 (2005).

16 Under the Rooker-Feldman doctrine, a federal district court is also prohibited from 17 exercising jurisdiction over a suit that is "a de facto appeal from a state court judgment." 18 Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may 19 not examine claims that are inextricably intertwined with state court judgments, "even where 20 the party does not directly challenge the merits of the state court's decision but rather brings 21 an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 22 895, 900 n.4 (9th Cir. 2003); see Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 23 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case because "the 24 complaint is nothing more than another attack on the California superior court's 25 determination ... and the related determinations made by federal courts that they lack subject 26 matter jurisdiction"). "The purpose of the doctrine is to protect state judgments from 27 collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 28 (9th Cir. 2001).

1  Since the Supreme Court's decision in <u>Exxon</u>, courts which have considered the applicability of the <u>Rooker-Feldman</u> doctrine to the situation where creditors obtain a judgment in state courts but subsequently have their debt collection practices challenged under the FDCPA in federal court, have concluded that when the FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, the FDCPA claim is independent from the state court collection action and the federal court has subject matter jurisdiction over that FDCPA claim.  <u>See, e.g.</u>, <u>Todd v. Weltman, Weinberg & Reis Co., L.P.A.</u>, 434 F.3d 432 (6th Cir. 2006).

Here, Plaintiff argues that the <u>Rooker-Feldman</u> doctrine does not bar his FDCPA claims because he alleges that he is attacking the manner in which the debt is collected. Specifically, Plaintiff states that he is not attacking the validity of the underlying judgment, but instead he is contending that because Defendant failed to renew the judgment, it is no longer enforceable.  The Court is not persuaded.

By arguing that the underlying State court judgment has expired and is no longer enforceable, Plaintiff is directly attacking the validity of the judgment – not the collection practices of the creditor.  The Court may not examine claims that are inextricably intertwined with state court judgments, and finds that this action is barred by the <u>Rooker-Feldman</u> doctrine.

Accordingly,

**IT IS ORDERED** that Defendant Guglielmo & Associates, PLLC's Motion to Dismiss (Doc. 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's request for oral argument (Doc. 19) is **DENIED**;

\\\
\\\

- 3 -

1  **IT IS FURTHER ORDERED** dismissing the Complaint and this matter in its
2  entirety; the Clerk of Court is directed to enter judgment in favor of Defendant and against
3  Plaintiff.

4  DATED this 4th day of June, 2014.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge